UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATTI M. COX

versus

JAMES OTIS "JIM" McCRERY

CONSOLIDATED
CIVIL ACTION NO. 06-2191

JUDGE STAGG

MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Patti M. Cox ("Plaintiff") was among the unsuccessful candidates who recently ran against the incumbent member of the United States House of Representatives for the Fourth Congressional District of Louisiana, James Otis "Jim" McCrery ("Defendant"). After the election, Plaintiff filed two virtually identical lawsuits. One was filed in this court and assigned civil action number 06 CV 2191. The other action was filed in state court in the First Judicial District Court. Defendant removed the state-court case based on an assertion of federal question jurisdiction, and it was assigned civil action number 06 CV 2198. The court has since consolidated the two civil actions.

Plaintiff's challenge to Defendant's election is based on an allegation that Defendant sold his residence in Shreveport prior to the election and was not an inhabitant of Louisiana when he was elected for Congress. The challenge is rooted in the Qualifications Clause of the Untied States Constitution, which sets forth the exclusive requirements for membership in the United States House of Representatives. The Clause states:

> No person shall be a Representative who shall not have attained the Age of twenty-five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.

United States Constitution, Article 1, Section 2, Clause 2. The Qualifications Clause is exclusive and cannot be enlarged by the states. Texas Democratic Party v. Benkiser, 459 F.3d 582, 589 (5th Cir. 2006), citing U. S. Term Limits, Inc. v. Thornton, 115 S.Ct. 1842 (1995). Plaintiff alleges that Defendant's election violated the Clause because Defendant was not an inhabitant of Louisiana when elected.

Plaintiff has filed what is in essence a Motion to Remand (Doc. 5) in 06 CV 2198, the case that was removed from state court. Defendant filed, prior to consolidation, identical Motions to Dismiss in each of the civil actions. It is recommended, for the reasons that follow, that Plaintiff's Motion to Remand be denied and that Defendant's Motions to Dismiss be granted.

**The Motion to Remand**

The first issue is the propriety of Defendant's removal of the civil action that was commenced in state court. A civil action brought in a state court over which the federal district courts have original jurisdiction may be removed by the defendant 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of this "arising under" or "federal question" jurisdiction is governed by the well-pleaded complaint rule. Caterpillar, Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987). To

determine whether a well-pleaded complaint gives rise to jurisdiction, the court is to inquire: (1) Is a federally created right or immunity pleaded without conjecture in the complaint?; and (2) Would a well-pleaded complaint show that the plaintiff's right to relief requires resolution of a substantial question of federal law? <u>Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc</u>., 854 F.2d 727, 730 (5th Cir. 1988). These criteria apply to both original and removal jurisdiction. <u>Id</u>.

Plaintiff's petition filed in state court specifically invoked the Qualifications Clause of the United States Constitution. Plaintiff also made reference to state statutes, but she acknowledged in paragraph three of her petition that: "Qualifications are defined and fixed in the U. S. Constitution and are unalterable by the legislature." Plaintiff also alleged that exclusion from Congress "can only be exercised when a Member-elect fails to meet a qualification expressly prescribed in the Constitution." Plaintiff's express invocation of a federal constitutional provision that must be applied to decide the claim asserted was sufficient to give rise to original federal jurisdiction and allow Defendant to remove the case to federal court. <u>See</u> <u>Texas Democratic Party v. Benkiser</u>, 2006 WL 1851295, *3 (W.D. Tex. 2006), <u>aff'd</u>, 459 F.3d 582 (5th Cir. 2006) (removal was permitted when state-law petition presented an issue that turned on an interpretation of the Qualifications Clause). Accordingly, Plaintiff's Motion to Remand should be denied.

**The Motions to Dismiss**

Now that is has been decided that Plaintiff's claims arise under the Constitution, the question becomes whether the Constitution provides Plaintiff a claim on which the federal court is authorized to grant her relief. Defendant urges in his motions to dismiss that the court lacks such authority. He contends that the Constitution vests in the House of Representatives the sole authority to judge the qualifications of its members.

As noted above, the Qualifications Clause requires a representative to be, when elected, an inhabitant of the state in which he shall be chosen. Another provision of the Constitution, Article 1, Section 5, Clause 1, provides: "Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members ...." The language in Article 1, Section 5 that the House "shall be the Judge of the... Qualifications of its own Members" commits that duty to the House to the exclusion of the courts or others who might desire to judge such matters. Morgan v. United States, 801 F.2d 445 (D.C. Cir. 1986). See also Annotation, Jurisdiction of Courts to Determine Election or Qualifications of Member of Legislative Body, 107 A.L.R. 205 ("It is well settled that this provision constitutes each house of Congress the sole and exclusive judge of the election and qualifications of its own members and deprives the courts of jurisdiction to determine those matters.") and 91 Corpus Juris Secundum; United States § 23 ("While questions of who won and the propriety of the election procedure are purely matters of state law, the question of who sits as a representative is solely within the province of the United States Congress. ... The House of Representatives

also has exclusive jurisdiction to determine the right of a person to a seat in such house."). Based on these principles, another district court recently dismissed a lawsuit that challenged the qualifications of an elected congressman. Lyons v. Gordon, 2006 WL 241230 (D. D.C. 2006). The reasoning in Lyons that the court may not afford relief in such a case is applicable in this case.

Congress, consistent with its exclusive authority to judge the qualifications of its members, has enacted the Federal Contested Election Act. The Act includes a procedure for a losing candidate who claims a right to a congressional office to contest the election. The procedure is, consistent with the Constitution, conducted by the House of Representatives, not a court. 2 U.S.C. § 381 *et seq.* Plaintiff does not suggest that she has commenced such a contest, but that appears to be the sole avenue for her to obtain relief on the claim she alleges.

Plaintiff has filed a memorandum in opposition to the motion to dismiss. Plaintiff generally contests the assertion that the court is without authority to judge this case, but she does not cite any decision in which a federal court has decided the merits of a qualifications contest directed at an elected congressman. Plaintiff does cite a decision that stemmed from a challenge to a congressman's inhabitancy qualification, but that decision was, appropriately, rendered by the House of Representatives and not a court. The bulk of Plaintiff's memorandum is devoted to the merits of her allegation that Defendant did not satisfy the inhabitancy qualification, but the court has no authority to decide that issue.

Considering the authorities cited above, as well as others in Defendant's memorandum in support of his motion to dismiss, Plaintiff's claims should be dismissed. The House of Representatives is the only institution permitted by the Constitution to decide the issues raised by Plaintiff.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Remand (Doc. 5)** filed in 06 CV 2198 be **denied** and that the **Motion to Dismiss** (filed as Doc. 6 in 06 CV 2191 and Doc. 7 in 06 CV 2198) be granted and that Plaintiff's complaints filed in these consolidated civil actions be **dismissed without prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 15th day of December, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE