RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
SHREVEPORT, LOUISIANA
DATE 1/16/07

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| PATTI M. COX | CONSOLIDATED<br>CIVIL ACTION NO. 06-2191 |
| versus | |
| | JUDGE TOM STAGG |
| JAMES OTIS "JIM" MCCRERY | |

## MEMORANDUM ORDER

Before the court is a Motion to Intervene (Record Documents 12 and 13) filed by Artis R. Cash, Sr. ("Cash"). For the reasons that follow, the motion is **DENIED**.

A motion to intervene, either of right or by permission, must be timely. See Lucas v. McKeithen, 102 F.3d 171, 173 (5th Cir. 1996). Timeliness is determined from all of the circumstances and there are four pertinent factors: (1) the time during which the proposed intervenors knew or reasonably should have known of their interest in the case, (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed intervenors' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the case, (3) the extent of the prejudice that the proposed intervenors may suffer if the motion is

1

denied, and (4) the existence of unusual circumstances militating for or against the determination that the motion is timely. See id.

A careful evaluation of the circumstances in this case and the relevant factors clearly shows that Cash's motion is untimely. First, the motion was not filed until the magistrate judge issued his Report and Recommendation (Record Document 11), recommending that the case be dismissed for lack of jurisdiction. Cash was certainly aware of the litigation from its inception, and he offers no explanation for his delay in filing his motion.

Second, allowing the intervention at this stage would prejudice the existing parties. McCrery will be prejudiced by having to file another round of dispositive motions making the same arguments he already made to the magistrate judge. Cox will be prejudiced because her right to appeal the dismissal of her claims will be delayed while the same issues are briefed and re-briefed.

Third, Cash may suffer some prejudice because he will not be allowed to assert his claims in this case. However, Cash had the opportunity to present his claims to the United States House of Representatives, as provided in 2 U.S.C. § 382(a). To the court's knowledge, this procedure was not timely utilized.

Finally, there are no unusual circumstances that militate in favor of allowing the intervention. Instead, allowing the intervention would only delay the inevitable

result of dismissing this case for lack of jurisdiction, because the House of Representatives is the only institution permitted by the Constitution to decide the issues raised by Cox and Cash.

Accordingly, after considering all of the circumstances, including the factors discussed above, **IT IS ORDERED** that the motion to intervene (Record Documents 12 and 13) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 5th day of January, 2007.

_____
JUDGE TOM STAGG